# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-607V
Filed: April 19, 2016
Not for Publication

*************************************
NANCI BRILL,                         *
                                     *
            Petitioner,              *
                                     *   Attorneys' fees and costs decision;
v.                                   *   reasonable attorneys' fees and
                                     *   costs
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
*************************************

Ronald C. Homer, Boston, MA, for petitioner.
Michael P. Milmoe, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 14, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that she suffered a shoulder injury due to her receipt of the influenza ("flu") vaccine on September 13, 2011. On October 14, 2015, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer.

On February 23, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

requests attorneys' fees in the amount of $24,434.50 and attorneys' costs in the amount of $1,357.75. In compliance with General Order #9, petitioner's counsel filed a statement saying that petitioner's spent $5.75 in pursuing her claim.

On March 11, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. §§ 300aa-15(e)(1)(A)-(B). Resp. at 2. However, respondent states that her "estimation of reasonable attorneys' fees and costs for the present case roughly falls between $18,000.00 and $20,000.00." Id. at 3. Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims." Id.

On March 23, 2016, petitioner filed an eight-page reply to respondent's response to her application for attorneys' fees and costs. In her reply, petitioner argues that the amount she asks for in attorneys' fees and costs should be awarded in full. Reply at 8. She says that she is "perplexed" by respondent's reference to an unfiled survey when proposing a range for the appropriate attorneys' fees and costs in this case. Id. at 2-3. Petitioner also notes that respondent did not make any specific objections to petitioner's application for attorneys' fees and costs. Id. at 4. On the same date that she filed her reply, petitioner filed a supplemental application for attorneys' fees asking for an additional $693.00 in fees for preparing the reply. Therefore, petitioner requests a total of $26,491.00 in attorneys' fees and costs.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). Respondent's counsel does not provide support for his contention that petitioner's counsel should be paid roughly $18,000.00 to 20,000.00 for his work on the case besides his client's estimation based on experience with similar cases. The undersigned also has extensive experience in awarding attorneys' fees and costs in similar cases. Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the amount requested by petitioner to be reasonable. The undersigned also finds that the supplemental fees petitioner requests for the 2.6 hours her counsel spent preparing a reply are reasonable, as petitioner's reply was not pro forma.

Therefore, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs. **Accordingly, the court awards:**

a. **$26,485.25**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Conway, Homer & Chin-Caplan in the amount of **$26,485.25**; and

b. **$5.75**, representing petitioner's costs. The award shall be in the form of a check made payable to petitioner for **$5.75.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>April 19, 2016</u>                                                          s/ Laura D. Millman
                                                                                                  Laura D. Millman
                                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.